UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>  vs.<br><br><br><br><br>ANTHONY JOHNSON,<br><br>                Defendant. | No. CR-04-201-JLQ<br>08-CV-0052-JLQ<br><br>ORDER DENYING DEFENDANT'S<br>§ 2255 MOTIONS TO VACATE, SET<br>ASIDE, OR CORRECT SENTENCE, AND<br>MOTION TO REDUCE SENTENCE<br>CONCERNING CRACK COCAINE<br>AMENDMENT |

    Assistant United States Attorney **Russell E. Smoot** represented the Government in this matter during trial and at sentencing. Defendant, **Anthony Johnson,** was represented at trial and sentencing by Robert Caruso and by Terence M. Ryan on appeal. Defendant has filed the following pending motions *pro se*: 1) Defendant's "Motion for Inadequate Representation" which the court construes as a Motion to Vacate, Set Aside, or Correct sentence pursuant to 28 U.S.C. § 2255, (Ct. Rec. 188); 2) Defendant's Motion to Vacate, Set Aside, or Correct sentence pursuant to 28 U.S.C. § 2255, (Ct. Rec. 190); and 3) Defendant's Motion under 18 U.S.C. § 3582(c)(2) to Modify or Reduce Term of Imprisonment Pursuant to U.S.S.G. § 1B1.10(c), amend. 706, (Ct. Rec. 193).

    In these motions Defendant seeks a reduction in his sentence based upon claims of ineffective assistance of counsel, challenges to the constitutionality of his sentence, and the retroactive application of the U.S. Sentencing Commission's 2007 crack cocaine amendment decreasing the offense level for cocaine base offenses. As the Defendant has

ORDER - 1

not raised any valid grounds for a finding of ineffective assistance of counsel, the statutes were constitutional, and the Defendant is not eligible for a reduction of his term of imprisonment under Amendment 706, his motions are Denied in their entirety.

**I. Background**

On April 12, 2005, Defendant was convicted of two counts of distribution of five grams or more of a mixture or substance containing cocaine base, and one count of possession with intent to distribute five grams or more of a mixture of substance containing cocaine base. All three counts were in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). The Defendant had two prior controlled substance felony convictions which qualified him as a career offender under U.S.S.G. § 4B1.1(b). After considering the factors set forth in 18 U.S.C. § 3553(a) and the guidelines, this court sentenced the Defendant to a 240 month term of imprisonment.   Defendant's conviction, his classification as a career offender, and the sentence were affirmed on appeal by the Ninth Circuit Court of Appeals. The Ninth Circuit's Memorandum disposition affirming the court's sentence was entered on September 5, 2006. The Defendant did not petition the Supreme Court for writ of certiorari. The Defendant did not file the first motion, "Motion for Inadequate Representation," until January 15, 2008. (Ct. Rec. 188 (the date the Motion was mailed is unknown)). On January 19, 2008 this court ordered the Defendant to file and serve a Supplemental Memorandum on or before February 15, 2008, which the Defendant filed on February 19, 2008. On January 31, 2008, the Defendant filed his Motion to Vacate, Set Aside, or Correct sentence pursuant to 28 U.S.C. § 2255. Ct. Rec. 190. On March 14, 2008, Defendant filed his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). Ct. Rec. 193.

**II. Motions to Vacate, Set Aside, or Correct sentence pursuant to 28 U.S.C. § 2255**

28 U.S.C. § 2255 ("§ 2255") permits a prisoner in custody, under sentence of a court, claiming the right to be released on the ground that his sentence was imposed in violation of the Constitution or laws of the United States, to petition the court which imposed the sentence to vacate, set aside, or correct the sentence.

An evidentiary hearing on a prisoner's § 2255 petition shall be held, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. If the prisoner's allegations do not state a claim for relief or are so palpably incredible as to warrant summary dismissal, a court need not hold an evidentiary hearing. *Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir.), cert. denied, 493 U.S. 869 (1989); *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir.1984), cert. denied, 470 U.S. 1058 (1985). "Merely conclusory statements in a § 2255 motion are not enough to require a hearing."*United States v. Johnson*, 988 F.2d 941, 945 (9th Cir.1993)(citing *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980), cert. denied,451 U.S. 938, 101 S.Ct. 2018, 68 L.Ed.2d 325 (1981)).In general, "[p]ro se petitioners' arguments must be liberally construed."*United States v. Eatinger*, 902 F.2d 1383, 1385 (9th Cir. 1990) (per curiam) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc)).

Defendant states three grounds for relief in his § 2255 motions (the other issues raised are more appropriately addressed under the analysis of Defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2)):

1. Ground One: Defendant was denied effective assistance of counsel;
2. Ground Two: The statutes the Defendant was convicted under are unconstitutional;
3. Ground Three: The sentencing guidelines under § 841(b)(1)(B) are inconsistent with 21 U.S.C . § 851.

None of the grounds stated in Defendant's § 2255 motion have merit.

**A. Timing**

Under § 2255 all petitions must be filed within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

ORDER - 3

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

This court previously found that the statute of limitations began to run on December 4, 2006 - the date Defendant's right to petition for a writ of certiorari lapsed. (Ct. Rec. 189). Without equitable tolling, the statute of limitations for Defendant's § 2255 motion would have expired on December 4, 2007- approximately 30 to 45 days before he filed his first § 2255 motion and 46 to 61days before he filed his second motion.

The Ninth Circuit has held that the one-year limitations period applicable to § 2255 motions is subject to very limited equitable tolling. *See Calderon v. U.S. Dist. Court for Central Dist. of Cal.*, 128 F.3d 1283 (9th Cir. 1997), cert. denied, 522 U.S. 1099 (1998), overruled on other grounds, 163 F.3d 530 (9th Cir. 1998). The one year limitation may be extended by equitable tolling only where "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).

To qualify for equitable tolling, the movant must establish that circumstances beyond his control, or government misconduct, made it impossible for him to file a timely § 2255 motion. *See United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004). Determining whether equitable tolling is appropriate is a "highly fact-dependent inquiry," *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000), and the movant "bears the burden of showing that equitable tolling is appropriate." *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005). The Defendant must show two elements: (1) that he has been pursuing his rights diligently during the statutory period, and (2) that "some extraordinary circumstances" prevented him from timely filing his motion. *See e.g.,*

ORDER - 4

*Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005); *Raspberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006).

The Defendant has not shown extraordinary circumstances prevented him from filing a timely federal petition. Defendant argues that he is entitled to equitable tolling because of his limited access to legal materials, transferring from one prison to another, and his inability to retain legal assistance. Ct. Rec. 191. The Defendant submitted evidence of only a short period of time that he was without his legal materials and only one transfer during the one year period. *Id.* There is no evidence that he was diligently pursuing his claims in the first six months of the statutory period. The Defendant waited months before retaining the Federal Appellate Law Center (Center), and, according to the provided records, was never informed by the Center that it was going to file a Motion. Furthermore, in a letter dated November 8, 2007, the Center advised the Defendant to file any *pro se* action before December 1, 2007. *Id.* The Defendant has not shown this court that he diligently pursued his rights or that any extraordinary circumstances prevented his timely filing.

However, even if the two § 2255 motions qualified as timely, the Defendant would still not be entitled to relief.

### B. Motion for Inadequate Representation

**1. Previously Adjudicated**

The Ninth Circuit already adjudicated the Defendant's Motion for Inadequate Representation on all but one of the grounds raised in his § 2255 Motion.

As a general rule, "[i]ssues disposed of on a previous direct appeal are not reviewable in a subsequent § 2255 proceeding." *United States v. Currie*, 589 F.2d 993, 995 (9th Cir. 1979). "Absent Supreme Court authority contrary to [the court of appeals'] decision in a case, a district court cannot entertain, even in a matter properly before it, a petition by a party which in effect seeks to undo [the court of appeals'] resolution of a matter first addressed to and fully and fairly adjudicated by it." *Feldman v. Henman*, 815 F.2d 1318, 1321 (9th Cir. 1987).

However, "in limited circumstances, a federal prisoner may raise in a § 2255 petition claim of trial court error that has been previously raised and decided on direct appeal." *Feldman*, 815 F.2d at 1322. The district court may refuse to consider a repetitive claim in a § 2255 Motion and may give controlling weight to the court of appeals' determination if "(1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent." *Sanders v. United States*, 373 U.S. 1, 15 (1963); *Molina v. Rison*, 886 F.2d 1124, 1127 (9th Cir. 1989).

"[A] ground is successive if the basic thrust...of the legal claim is the same, regardless of whether the basic claim is supported by new and different legal arguments." *Molina*, 886 F.2d at 1129 (citations omitted). A prior determination is considered to have been made on the merits if the prior claim raised factual issues and the claim was denied on the basis that the files and records conclusively resolved the issues. *Sanders*, 373 U.S. at 15. The "ends of justice" will require such a redetermination only where there has been a change in the law or "manifest injustice will result if the Defendant is not excused for failing to advance in the earlier proceedings the arguments sought to be made now." *Molina*, 886 F.2d at 1131

Applying these principles to Defendant's claim, this court does not have authority to consider his ineffective assistance claim anew. First, with the exception of the conflict of interest allegation, Defendant is advancing the same claim he argued to the Ninth Circuit. Second, the Ninth Circuit rejected Defendant's claim "on the merits" because it examined the record in the case. Specifically, the Ninth Circuit stated: "[t]he record does not establish that but for the alleged shortcomings of trial counsel, the results of the trial would have been different." *United States v. Johnson*, No. 05-30388, Mem. at 3 (9th Cir. August 17, 2006). Finally, the ends of justice do not require reevaluating the claim because there has been no relevant change in the law and Defendant points to no reason to think that "manifest injustice" would result if the claim is not reevaluated.

ORDER - 6

In sum, the Ninth Circuit previously addressed all but the conflict of interest portion of the Defendant's claim. The Ninth Circuit rejected Defendant's claim on the merits, and the ends of justice do not require this court to reconsider the Motion. Accordingly, this court is precluded from entertaining all but the conflict of interest portion of the Defendant's claim.

**2. Conflict of Interest Allegation of Ineffective Counsel**

The Defendant argues that his defense counsel was ineffective because that counsel later ran for county Prosecutor.

Typically, in order to succeed on an ineffective assistance of counsel claim, Defendant must establish: 1) that counsel's actions were outside the wide range of professionally competent assistance, and 2) that Defendant was actually prejudiced by reason of counsel's performance. *Strickland v. Washington*, 466 U.S. 668, 687-690 (1984). However, the Defendant does not need to show prejudice in a claim of ineffective assistance due to a conflict of interest. "Instead, prejudice is presumed if a defendant demonstrates that his counsel labored under an 'actual conflict of interest.' " *United States v. Rodrigues*, 347 F.3d 818, 823 (9th Cir.2003) (quoting *Cuyler v. Sullivan*, 446 U.S. 335 (1980)). "An actual conflict is 'a conflict that affected counsel's performance-as opposed to a mere theoretical division of loyalties.' " Id. (quoting *Mickens v. Taylor*, 535 U.S. 162, 171 (2002)). The Defendant must "do more than simply allege a conflict or baldly assert that the asserted conflict had an adverse effect." *Rodrigues*, 347 F.3d at 824.

The Defendant offers nothing more than speculation to support his claim and makes only the conclusory allegations that "his attorney was...attempting to deliver examples to deliver guilty verdicts on behalf of the United States." Ct. Rec. 188. He has not provided evidence that any alleged conflict affected his counsel's performance, nor does he identify any litigation strategy that resulted from such a conflict. Accordingly, he has not demonstrated ineffective assistance of counsel as a result of any conflict of interest.

ORDER - 7

Defendant's Motion for Inadequate Representation is without merit and is Denied.

**C. Constitutionality of the Application of 21 U.S.C. §§ 841 and 846**

Relying on *United States v. Booker*, 543 U.S. 220 (2005), *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Defendant argues that drug amounts must be elements of his offense and because these statutes do not require the jury to specify the specific drug amounts they are unconstitutional. In *Apprendi*, the Court held that the Sixth Amendment requires that all facts that increase the penalty for a crime beyond the statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. 530 U.S. at 490; see also *Blakely*, 542 U.S. at 303-04, 124 S.Ct. 2531 (holding that the "statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant..."). In *Booker*, the Court relied on *Apprendi* and *Blakely* to conclude that the Sixth Amendment precludes a district court from enhancing a sentence based on extra-verdict findings in a mandatory sentencing regime. 543 U.S. at 230-33.

Both 21 U.S.C. § 841 and § 846 require a finding of fact of a quantity of drugs over a specific amount to increase the maximum sentence. The jury found the Defendant guilty, beyond a reasonable doubt, of two counts of distribution of five grams or more of a mixture or substance containing cocain base, and one count of possession with intent to distribute five grams or more of a mixture of substance containing cocaine base. Ct. Rec. 117. The Indictment also specified 5 grams or more in all of the charges. Ct. Rec. 1. Furthermore, on appeal, the Ninth Circuit found that there was sufficient evidence to support his conviction. *Johnson*, No. 05-30388 at 2-3. The court followed the jury's findings and sentenced the Defendant within the appropriate sentencing range. The Defendant's constitutional rights were not violated by the jury's finding of 5 grams or more of a substance containing cocaine base.

**D. 21 U.S.C . § 851**

The Defendant argues that his sentencing as a career offender under U.S.S.G.

§ 4B1.1(b) and 21 U.S.C. § 841(b)(1)(B) was inconsistent with the requirements of 21 U.S.C . § 851.

21 U.S.C . § 851 states that a Defendant shall not be "sentenced to increased punishment by reason of one or more prior convictions, unless before trial...the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon." "If the Government does not file such notice, ... the lower sentencing range will be applied even though the defendant may otherwise be eligible for the increased penalty." *U.S. v. LaBonte*, 520 U.S. 751, 754 (1997). On January 19, 2005, before the commencement of the trial, the United States attorney filed an Information alleging two prior state felony drug convictions to increase the defendant's sentence pursuant to 12 U.S.C. §851. Ct. Rec. 47. The government's timely compliance with § 851 justifies the increased sentencing range both under 21 U.S.C. § 841 and U.S.S.G. § 4B1.1(b).

In sum, this court find that the Defendant's § 2255 motions are without merit and are therefore Denied.

**III.  Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2)**

The Defendant argues that he is entitled to a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). If a court finds that a defendant has been sentenced to a term of imprisonment based on a sentencing range that has been lowered by the Sentencing Commission, the court may then exercise its discretion to reduce the term of Defendant's imprisonment. *United States v. Townsend*, 98 F.3d 512, 513 (9th Cir.1996).

Johnson asserts that this court has the authority to reduce his sentence under 18 U.S.C. § 3582(c)(2) because his sentence was based, at least in part, on the Guideline range for the amount of crack cocaine at issue in his offense. However, the Defendant was sentenced as a career offender under the Sentencing Guidelines, and his sentence was not determined by the amount of crack cocaine at issue. Because Johnson possessed more than five grams of crack and had prior drug convictions, his statutory offense maximum was life imprisonment. *See* 21 U.S.C. § 841(b)(1)(B). This set his Guideline

ORDER - 9

offense level at 37, which, combined with his criminal history category, established a Guidelines range of 360 months to life. *See* U.S.S.G. § 4B1.1; Ct. Rec. 146. The career offense level of 37 was greater than defendant's offense level under § 2D1.1, "the offense level otherwise applicable," U.S.S.G. § 4B1.1(b). The Court proceeded under § 4B1.1, not § 2D1.1. (Ct. Rec 146). This court exercised its discretion and reduced the offense level to 33 (240 to 300 months) from the level 36 (360 months to life). *Id.* Amendment 706 only amended the offense level under § 2D1.1 and did not change the sentencing range under § 4B1.1. Courts that have considered this issue have consistently held that if the Defendant was sentenced as a "career offender," even where the underlying crime involved crack cocaine, the defendant cannot move for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), Amend. 706. *See, e.g.*, *United States v. Tingle*, 524 F.3d 839, 840 (8th Cir. 2008); *United States v. Thomas*, 524 F.3d 889 (8th Cir. 2008); United States v. Marshall, 259 Fed. Appx. 855, 863 (7th Cir. 2008)(unpublished); *United States v. Biami*, 548 F.Supp.2d 661, 666 (E.D.Wis. 2008) (citing over fifteen district court cases denying motions for re-sentencing for Defendants sentenced as career offenders in relation to an underlying crack cocaine violation); *United States v. McDoughtery*, 2008 WL 752597 at *4-5 (C.D.Cal. March 18, 2008)(unpublished) ("Amendment 706 does not assist defendants deemed 'career offenders' under the Sentencing Guidelines."). If Amendment 706 had been in place at the time of defendant's sentencing, it would have had no affect on his sentencing range because the otherwise applicable offense level under § 2D1.1 would have been lower than the required career offender level in § 4B1.1, the sentencing range under which defendant was sentenced. *See* U.S.S.G. § 4B1.1(b). The court's sentence of 240 months was at the low end of the court reduced guideline range established by the court.

In determining the Defendant's sentence, the court considered the guideline range, the requirements of *United States v. Booker*, 18 U.S.C. § 3553(a), and determined that a sentence of 240 months "sufficient, but not greater than necessary." Ct. Rec. 146.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

ORDER - 10

1) Defendant's "Motion for Inadequate Representation" **(Ct. Rec. 188)** which the court construes as a Motion to Vacate, Set Aside, or Correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

2) Defendant's Motion to Vacate, Set Aside, or Correct sentence pursuant to 28 U.S.C. § 2255 **(Ct. Rec. 190)** is **DENIED**.

3) Defendant's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) **(Ct. Rec. 193)** is **DENIED**.

**IT IS SO ORDERED**. The Clerk shall file this Order and furnish copies to counsel and the Defendant, and **CLOSE BOTH FILES.**

DATED this 21st day of August, 2008.


s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 11