UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>ANTHONY JOHNSON,<br><br>　　　　　　　Defendant. | No. CR-04-201-JLQ<br><br>ORDER DENYING DEFENDANT'S<br>MOTION TO REDUCE SENTENCE |

　　　　This matter is before the court pursuant to the Defendant's Motion To Reduce Sentence under 18 U.S.C. § 3582(c)(2) (ECF No. 201). The Defendant filed the motion, pro se, on November 21, 2011.  The Government has opposed the Motion. A Reply was not filed.  After consideration of the parties briefs and the applicable law the court has determined the Defendant, being a career offender, is not eligible for a reduction of his term of imprisonment, and therefore his Motion is denied.

**I. Background**

　　　　On April 12, 2005, Defendant was convicted by jury trial of two counts of distribution of five grams or more of a mixture or substance containing cocaine base, and one count of possession with intent to distribute five grams or more of a mixture of substance containing cocaine base. All three counts of conviction were in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B).  At sentencing the court determined that the Defendant had two prior controlled substance felony convictions which qualified him as a career offender under U.S.S.G. § 4B1.1(b). After considering the factors set forth in 18 U.S.C. § 3553(a) and the guideline range (360 months to life), this court sentenced the Defendant to a 240 month term of imprisonment.  Defendant's appeal of his conviction, classification as a career offender, and sentence were affirmed on appeal by the Ninth

ORDER - 1

Circuit Court of Appeals. The Ninth Circuit's memorandum disposition affirming this court's sentence was entered on September 5, 2006 and the Defendant did not petition the Supreme Court for writ of certiorari.

On August 21, 2008, this court denied Defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) pursuant to Amendment 706 to U.S.S.G. § 1B1.10(c). ECF No. 200.

## II. Discussion

In relevant part, 18 U.S.C. § 3582(c) provides:

> The court may not modify a term of imprisonment once it has been imposed except that ... in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§ ] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. § ] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Given the record, the court concludes that it need not appoint counsel or conduct a hearing with respect to the Defendant's Motion under 18 U.S.C. § 3582(c)(2). *See* Fed.R.Crim.P. 43(b)(4) (stating that a defendant's presence is not required in a proceeding that involves the reduction of a sentence under 18 U.S.C. § 3582(c)).

Amendment 750 (Parts A and C) amends USSG § 1B1.10. On June 30, 2011, the Sentencing Commission unanimously voted to apply Amendment 750 (Parts A and C only) retroactively to cocaine base ("crack") offenses, and it set November 1, 2011 as the date that Amendment 750 (Parts A and C only) could be applied retroactively. Part A amended the Drug Quantity Table in USSG § 2D1.1 for crack offenses and made related revisions to Application Note 10 to USSG § 2D1.1. Part C deleted the cross reference in USSG § 2D2.1(b) under which an offender who possessed more than 5 grams of crack was sentenced under USSG § 2D1.1.

USSG § 1B1.10, in relevant part, states:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may

reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement. USSG § 1B1.10(a)(1); see also USSG § 1B1.10, comment, (n.1) ( "Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) **that lowers the applicable guideline range** ..."). The Sentencing Commission included Amendment 750 (Parts A and C only) within subsection (c). USSG § 1B1.10(c).

Nevertheless, the court is unable to rely on Amendment 750 (Parts A and C only) to reduce the defendant's sentence under 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10. Because the court sentenced the Defendant as a career offender under USSG § 4B1.1 (not drug quantity under § 2D1.1 ), and because Amendment 750 (Parts A and C only) does not affect the Defendant's guideline range, the Defendant is not entitled to a reduction of his 240 month term of imprisonment.  Just as Amendment 706 did not assist career offenders, neither does Amendment 750.

Accordingly, the Defendant's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(2) (ECF No. 201) is **DENIED**.

**IT IS SO ORDERED.** The Clerk shall file this Order and furnish copies to counsel and the Defendant, and **CLOSE THE FILE**.

DATED this 28th day of December, 2011.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3