FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 24, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ANTHONY D. JOHNSON,<br><br>    Defendant. | NO. 2:04-CR-00201-JLQ-1<br><br>MEMORANDUM OPINION AND ORDER ON MOTION FOR REDUCTION OF SENTENCE |

This matter is before the court on Defendant's Motion For Imposition Of A Reduced Sentence (ECF No. 222) filed by Attorney Matthew Campbell of the Federal Defenders of Eastern Washington. The Government is represented by Russell Smoot, Assistant United States Attorney. The Motion (ECF 222) is Denied in part and Granted in part as provided herein.

**I.    Background**

On October 19, 2004, a grand jury returned a three-count Indictment against Defendant: (1) conspiracy to distribute 5 or more grams of a mixture or substance containing cocaine base under 21 U.S.C. §§ 841(a)(1) and 846; and (2) and (3) distribution of 5 grams or more of a mixture or substance containing cocaine base under 21 U.S.C. § 841(a)(1). (ECF No. 1). On November 16, 2004, the grand jury returned a four-count Superseding Indictment against Defendant with an additional count:

ORDER - 1

(4) possession with intent to distribute 5 grams or more of a mixture or a substance containing cocaine base under 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). (ECF No. 21-3). On January 19, 2005, the United States Attorney filed an Information to establish Defendant's two prior drug convictions pursuant to 21 U.S.C. § 851. (ECF No. 47).

A jury trial was held, and Count 1 was dismissed at trial. (ECF No. 148). The jury returned a verdict finding Plaintiff guilty of Counts 2, 3, and 4. (ECF No. 117). Each verdict identified the amount of the substances as "5 grams or more."

Pursuant to 21 U.S.C. § 841(b)(1)(B) (2002), Defendant first faced a statutory sentencing range of no less than ten years to life on each of the convicted Counts. According to the Presentence Investigation Report (PSR), Defendant was responsible for 8.7 grams of cocaine base on Count 2, 9.3 grams of cocaine base on Count 3, and 28.1 grams of cocaine base on Count 4. (ECF No. 221 at 4-5). Under the Sentencing Guidelines (U.S.S.G.), that drug quantity resulted in a base Offense Level of 30. (*Id*. at 7). Defendant received a two point increase for possessing a weapon during the offenses, for a total Offense Level of 32. (*Id*.). Defendant's Criminal History computation established an initial Criminal History Category of III. (*Id.* at 15). Based on this, Defendant's Guideline Sentencing range would have been 151-188 months. U.S.S.G. Ch. 5, Pt. A. (ECF No. 221 at 21).

Because Defendant had two prior felony drug convictions which made him a Career Offender, his base Offense Level was 37 and his Criminal History Category was increased to VI pursuant to U.S.S.G. § 4B1.1(b). (ECF No. 221 at 7). The final calculation by the United States Probation Office used by the court was an Offense Level of 37 with a Criminal History Category of VI. (*Id*. at 15). Defendant's Guideline Sentencing range was 360 months to life. U.S.S.G. Ch. 5, Pt. A. (ECF No. 221 at 21).

At the July 14, 2005 sentencing hearing, Defendant was sentenced to 240 months on all convicted Counts. (ECF Nos. 147, 148). In the July 22, 2005 Sentencing

ORDER - 2

Memorandum, the court discussed the Sentencing Guideline range, the recommendation of the Probation Officer in the PSR, the mandated minimum of ten years pursuant to 21 U.S.C. § 841(b)(1)(B) (2002), and the Section 3553(a) factors. (ECF No. 146).

Defendant appealed his judgment and sentence to the Ninth Circuit Court of Appeals. (ECF No. 153). The Ninth Circuit affirmed the judgment and sentence. (ECF No. 186). In 2008, Defendant moved *pro se* to have his sentence modified based on alleged ineffective assistance of counsel, a claimed unconstitutionality of his sentence, and Amendment 706 of the U.S.S.G. (ECF Nos. 188, 190, 193). His motions were Denied. (ECF No. 200). In 2011, Defendant again moved *pro se* to have his sentence modified based on Amendment 750 of the U.S.S.G. (ECF No. 201). His motion was Denied. (ECF No. 208). Defendant appealed the court's order denying modification to the Ninth Circuit, (ECF N. 209), and the appellate court dismissed the appeal for failure to prosecute, (ECF No. 217). Both of Defendant's attempts to modify his sentence following amendments to the guidelines were denied because Defendant's increased sentence was premised on his status as a career criminal and not the cocaine base sentencing enhancements. (ECF Nos. 200, 208).

On April 23, 2019, Defendant moved *pro se* for appointment of counsel to file a motion to reduce his sentence pursuant to the amendments to 21 U.S.C. § 841 made retroactive by the First Step Act. (ECF No. 218). On May 1, 2019, the Federal Defenders of the Eastern District of Washington and Idaho filed a Motion for appointment of counsel to prepare a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c). (ECF No. 219). The court Granted both Motions and appointed the Federal Defenders of the Eastern District of Washington and Idaho to represent Defendant in his Motion for a reduced sentence. (ECF No. 220). On June 18, 2019, appointed counsel for Defendant filed a Motion to Reduce Sentence (ECF No. 222). The Government filed a Response

ORDER - 3

(ECF No. 226), and Defendant filed a Reply (ECF No. 227). Neither party requested a hearing with oral argument be held in the matter (ECF Nos. 222, 226, 227), and the court deems such a hearing unnecessary.

## II. Issues

This case concerns the First Step Act in which Congress permitted a sentencing court to "impose a reduced sentence as if . . . the Fair Sentencing Act of 2010. . . were in effect at the time the covered offense was committed." This case addresses two issues emerging from the application of the First Step Act: (1) whether in applying the First Step Act does the court consider the drug weight of conviction or the drug weight identified in the PSR and (2) whether the First Step Act authorizes or requires this court to conduct a plenary resentencing, which would include recalculating the Sentencing Guidelines Range as if the Defendant was being sentenced for the first time under present law, or whether the court is limited to reductions resulting from the Fair Sentencing Act.

The Government argues in its brief that the First Step Act should be applied to the drug weight identified in Defendant's PSR and Defendant is not eligible for a sentence modification. The Government also argues that in the event Defendant is eligible for a sentence modification, the First Step Act does not allow for a plenary resentencing, Defendant's Career Offender Status remains unchanged, and the court should exercise its discretion and decline to modify the sentence (ECF No. 226).

## III. First Step Act

On December 21, 2018, the First Step Act of 2018 became law, Pub. L. No. 115-391, introducing a number of criminal justice reforms. Applicable here, Section 404 of the First Step Act concerns the application of [the] Fair Sentencing Act of 2010, and provides the following:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010

ORDER - 4

(Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

(b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

(c) LIMITATIONS. — No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

Pub. L. No. 115-391 § 404.

The court acknowledges that "a judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment" and may not be modified by a district court except in limited circumstances. 18 U.S.C. § 3582(b). These limited circumstances are set forth in 18 U.S.C. § 3582(c). Subsection (c)(1)(B) authorizes a court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B). The First Step Act is such a statute that allows the court to modify an imposed term of imprisonment (ECF No. 226).

**III. Drug Weight**

The Government asserts that whether Defendant is entitled to relief under the First Step Act depends on the amount of cocaine base for which he was found responsible in the PSR, rather than the amount for which he was convicted. The Government argues that because Defendant was found responsible for 28.1 grams on Count 4, he would still

be subject to the 21 U.S.C. § 841(a)(1)(B) mandatory minimum and is not entitled to relief under the First Step Act.

The Supreme Court has held the Sixth Amendment to the Constitution requires any fact increasing the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Later, the Supreme Court applied *Apprendi* to the federal mandatory minimum and maximum sentencing provisions and held that because mandatory minimum sentences increase the penalty for a crime, any fact that increases the mandatory minimum is an element of the crime that must be submitted to the jury. *Alleyne v. United States*, 570 U.S. 99, 116 (2013) (overruling *Harris v. United States*, 536 U.S. 545, 122 (2002).

The Government argues in its brief that because § 404(b) authorizes a sentence reduction for a "covered offense," and § 404(a) defines a "covered offense" as a "violation" and not as a "conviction" the court is to look to drug weight in the PSR and not the drug weight in the jury's verdict. (ECF No. 226 at 7-8). However, the ruling in *Alleyne* made clear that in order to preserve a defendant's Sixth Amendment right to a jury trial, any fact that increases the statutory mandatory minimum sentence is an element of the crime which must be submitted to the jury. 570 U.S. at 116. On Count 4, the jury found Defendant guilty of possession with intent to distribute "5 grams or more of a mixture or substance containing cocaine base." (ECF No. 117 at 3). The court joins others in finding that eligibility under the First Step Act is determined by looking at the drug weight of conviction and not the drug weight provided in the PSR. *See United States v. Brown*, No. 07-354, 2019 WL 1895090 at *2 (D. Minn. April 29, 2019); *United States v. Burk*, No. 2:08-CR-63(1), 2019 WL 2863403 at *3-4 (E.D. Tenn. July 2, 2019); *United States v. Lutcher*, 2019 WL 3006414 at *4 (E.D. La. July 10, 2019) ("Lutcher's sentence under the Fair Sentencing Act should be determined based on the fifty grams of

crack cocaine for which the jury found him guilty."); *United States v. Stanback*, 377 F.Supp.3d 618, 623 (W.D. Va. May 2, 2019); *United States v. Simmons*, 375 F.Supp.3d 379, 387 (E.D.N.Y. Apr. 22, 2019) (finding that statuary penalties are determined by facts submitted to a grand jury, trial jury, or established by a guilty plea while findings by a judge may be used to determine a sentence within the statutory penalties and cannot change "the mandatary minimum sentence now applicable"); *United States v. Laguerre*, No. 5:02-CR-30098-3, 2019 WL 861417 (W.D. Va., Feb. 22, 2019 (relying without discussion on charged drug weight rather than PSR weight to find defendant eligible for relief).

**IV. Career Offender Status**

Defendant argues that the First Step Act allows for a plenary resentencing and he should no longer qualify as a Career Offender (ECF No. 222). In contrast, the Government argues the court's authority to modify a sentence already imposed is limited and does not allow for a plenary resentencing (ECF No. 226).

The underlying facts are not in dispute, leaving the court to decide only the legal effect of the First Step Act. As set forth above, Defendant's offense is covered by Section 404(a) Section 2 of the Fair Sentencing Act amended 21 U.S.C. § 841(b)(1)(B)(iii) by increasing the cocaine base amount for the statutory mandatory minimum sentence of ten years from 5 grams to 28 grams. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010). Defendant committed his offenses under that statute in August and October of 2004, prior to the Fair Sentencing Act. The Fair Sentencing Act subjects his offense to a statutory maximum of 30 years instead of the previous term of life. *Compare* 21 U.S.C. § 841(b)(1)(c), *with* 21 U.S.C. § 841(b)(1)(B)(iii). The Guidelines range is now 262-327 months.

Defendant claims that he is entitled to a plenary resentencing and that he would no longer qualify as a Career Offender under *United States v. Franklin*, 904 F.3d 793 (9th

Cir. 2018) (holding that "Washington's drug trafficking law is thus not categorically a 'serious drug offense' under the ACCA"), *United States v. Brown*, 879 F.3d 1043 (9th Cir. 2018) (holding that "Washington conspiracy is explicitly more broad than the generic federal definition), and *United States v. Valdivia-Flores*, 876 F.3d 1201 (9th Cir. 2017) (holding that Washington's drug-trafficking statute was not categorically an "aggregated felony" under the Immigration and Nationality Act because the state statute applied to any act done "with the knowledge that it will promote or facilitate the commission of a crime" making it broader than the federal law, which required "specific intent"). (ECF No. 222).

Defendant's argument has several components. First, he claims it is significant that Section 404(b) of the First Step Act requires the district court to "impose" a reduced sentence, rather than to "modify" one. The word "impose" is used elsewhere to describe the original sentencing of a defendant: Section 3553(a) directs that a district court, "in determining the particular sentence to be imposed, shall consider . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." 18 U.S.C. § 3553(a). Section 3553(c) states that "The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). Section 3661 states that "No limitation may be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court . . . may receive and consider for the purpose for imposing an appropriate sentence." 18 U.S.C. § 3661. Defendant argues that because Congress used the word "impose," and did not make eligibility for a new sentence conditional upon a reduced Guideline Range, the court is required to resentence Defendant, meaning a new calculation of his Guidelines Offense Level including his Career Offender enhancement (ECF No. 222 at 12-13).

Second, Defendant contrasts two of the three ways a court can modify a sentence under 18 U.S.C. § 3582(c). Defendant refers to the section of the Sentencing Guidelines governing reducing sentences under Section 3582(c)(2) due to amended Guidelines. It states that the new proceedings "do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3). He contrasts this to Section 3582(c)(1)(B) which authorizes a court to "modify an imposed term of imprisonment to the extent otherwise permitted by statute," and does not trigger the U.S.S.G. language precluding a full resentencing (ECF No. 222 at 8-11). Tying all this together, he argues any relief provided by the First Step Act is not limited by the recalculated guideline range (*Id.* at 11).

The Fifth Circuit addressed this issue in *United States v. Hegwood*, stating that when the court interprets a statute, it starts with the text. 934 F.3d 414, 418 (5thCir. 2019) *citing POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102, 113 (2014). The Circuit Court then broke down the text of the First Step Act:

> Beginning in Section 404(a), the First Step Act's application is limited to a "'covered offense' [which] means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." 132 Stat. At 5222. Section 404(b) then states that the court *may* reduce a sentence for a covered offense, giving it discretion. Section 404(b) then sets the ground rules: the reduced sentence may be imposed "as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." *Id.* Section 2 of the Fair Sentencing Act increases the amount of cocaine base required to impose certain mandatory minimum sentences, which the act titled "Cocaine Sentencing Disparity Reduction." *See* Fair Sentencing Act § 2. Section 3 eliminated a mandatory minimum sentence for simple possession of cocaine base. *See id.* at § 3.

*Id.*

"[T]he First Step Act grants a district judge limited authority to consider reducing a sentence previously imposed." *Hegwood*, 934 F.3d at 418. In statutory construction, the expression of one thing generally excludes another. *TRW Inc. V. Andrews*, 534 U.S. 19, 28-29 (2001). The express back-dating of only Sections 2 and 3 of the Fair Sentencing

ORDER - 9

Act of 2010 – allowing a court to impose a reduced sentence "as if" those two sections were in effect "at the time the covered offense was committed" – demonstrates that Congress did not intend for a new, plenary resentencing.

A court is authorized to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B). As addressed above, the First Step Act only authorizes the court to modify a sentence "as if" sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed. Therefore, the court finds Defendant is not entitled to a plenary resentencing, and his status as a Career Offender is unchanged.

## V. Modified and Reduced Sentence

In determining the appropriate sentence in this matter, and the reduction herein, the court has considered the Guideline Range and also, pursuant to *United States v. Booker*, 125 S. Ct. 738 (2005), has been guided by the factors set forth in 18 U.S.C. § 3553(a) which directs the court to "impose a sentence sufficient, but not greater than necessary" to comply with the purposes of that statute. The court has determined it is appropriate under the statute and for the reasons set forth in the Sentencing Memorandum (ECF No. 146) and concludes the Judgment in this case (ECF No. 148) filed July 22, 2005 should be amended to reduce the total term of imprisonment on page two of the Judgment from 240 months to 228 months. All other terms and conditions of the Judgment, including supervised release and its conditions, shall remain as set forth in the original Judgment.

**IT IS ORDERED AS FOLLOWS:**

1. The Judgment (ECF No. 148) is amended to reduce the total term of incarceration to 228 months.

2. All other terms and conditions, including supervised release and its conditions, shall remain as set forth in the original Judgment.

3. The Clerk shall enter this Order and forward copies to counsel and the United States Probation Office.

4. The United States Probation Office shall provide a copy of this Order to the United States Bureau of Prisons.

Dated this 24th day of October, 2019.

s/ Justin L. Quackenbush<br>
JUSTIN L. QUACKENBUSH<br>
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 11